IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF COLORADO UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-02404-ZLW

FEB - 6 2007

GREGO. // C. LANGHAM
CLERK

ALTON LAYCE SMITH, and
DAVIA LOMAX-SMITH,

Plaintiffs,

v.

BANK OF NEW YORK, and
MARY WENKE, in her personal and official capacity,

Defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

Plaintiffs Alton Layce Smith and Davia Lomax-Smith filed *pro se* on December 1, 2006, a document titled "Complaint and Motion for a Restraining Order and Petition for Order to Show Cause Pursuant to C.R.S. 38-35-204." On December 28, 2006, they filed an amended complaint. On January 16, 2007, Plaintiffs were granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006).

In the motion for a restraining order and in the amended complaint, Plaintiffs claim that the lien filed by the Bank of New York against their Aurora, Colorado, home located at 4168 South Liverpool is void. The lien appears to have resulted from a foreclosure action commenced during Alton Layce Smith's pending bankruptcy action. Mr. Smith contends that the Aurora property is part of the bankruptcy estate. The property has been sold at auction as a result of the foreclosure action. Mr. Smith alleges that the Bank of New York is now claiming ownership of the Aurora property

and has commenced a separate action seeking possession. Plaintiffs seek to have the lien declared invalid and unenforceable and the foreclosure action declared void and vacated.

The Court must construe the motion for a restraining order liberally because Plaintiffs are *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Therefore, the Court will construe the motion for a restraining order as a motion for a temporary restraining order and a preliminary injunction. For the reasons stated below, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied.

Parties seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that they will suffer irreparable injury unless the injunction issues, that the threatened injury to them outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Plaintiffs fail to allege any facts that demonstrate they are facing immediate and irreparable injury. Similarly, parties seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

2

ORDERED that the document titled "Complaint and Motion for a Restraining Order and Petition for Order to Show Cause Pursuant to C.R.S. 38-35-204" that Plaintiffs Alton Layce Smith and Davia Lomax-Smith filed *pro se* on December 1, 2006, is construed liberally as a motion for a temporary restraining order and a preliminary injunction. It is

FURTHER ORDERED that the liberally construed motion for a temporary restraining order and a preliminary injunction is denied.

DATED at Denver, Colorado, this 6 day of ___Feb.___, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-02404-BNB

Alton Layce Smith
4168 S. Liverpool
Aurora, CO 80013

Davia Lomax-Smith
4168 S. Liverpool
Aurora, CO 80013

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on____2-6-07

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk