IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02404-REB-BNB

ALTON LAYCE SMITH, and
DAVIA LOMAX-SMITH,

Plaintiffs,

v.

BANK OF NEW YORK, and
MARY WENKE, in her personal and official capacity,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiffs filed their initial Complaint on December 1, 2006 [Doc. #4] and filed an Amended Complaint on December 28, 2006 [Doc. #5]. Thereafter I ordered the plaintiffs to file on or before April 30, 2007, proof of service of the Amended Complaint [Doc. #13]. In response to my order, the plaintiffs filed a document entitled "Proof of Service" [Doc. #14, filed 4/30/07]. Attached to the Proof of Service are several documents entitled "Return of Service."

It appeared from the Returns of Service that the plaintiffs had not properly served the Bank of New York pursuant to Rule 4(h), Fed. R. Civ. P., which incorporates Rule 4(e)(4) of the Colorado Rules of Civil Procedure, but instead had left unspecified documents at a law firm in Denver [Doc. #14, pp. 4-5]. In addition, to the extent the plaintiffs are suing Mary Wenke in her personal capacity, it was unclear from the Returns of Service whether the plaintiffs personally served Ms. Wenke pursuant to Fed. R. Civ. P. 4(e), which incorporates Rule 4(e)(1) of the Colorado Rules of Civil Procedure [Doc. #14, p. 3]. Finally, insofar as the plaintiffs are suing Ms.

Wenke in her official capacity as Public Trustee of Arapahoe County, it was unclear from the Returns of Service whether the plaintiffs served Arapahoe County as required by Fed. R. Civ. P. 4(j), (which incorporates Rule 4(e)(7) of the Colorado Rules of Civil Procedure [Doc. #14, p. 3].

I ordered the plaintiffs to show cause why this case should not be dismissed under D.C.COLO.LCivR 41.1 for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court [Doc. #15]. I informed the plaintiffs that service on corporations and associations must be made pursuant to Fed. R. Civ. P. 4(h); service on Mary Wenke in her personal capacity must be made pursuant to Fed. R. Civ. P. 4(e); and service on Mary Wenke in her official capacity must be made pursuant to Fed. R. Civ. P. 4(j). I warned the plaintiffs that failure to show cause on or before May 16, 2007, would result in my recommendation that this case be dismissed.

In response, the plaintiffs submitted "corrected" Returns of Service. [Doc. #16]. The plaintiffs state that the Bank of New York was served through its counsel--Castle, Meinhold and Stawiarski, LLC–and that the Return of Service had been corrected to reflect this information. The plaintiffs have not demonstrated that Castle, Meinhold and Stawiarski, LLC, is an agent authorized to receive service for the Bank of New York as contemplated by Fed. R. Civ. P. 4(h), however. Therefore, the plaintiffs have failed to demonstrate that the Bank of New York has been properly served.

The plaintiffs further state that Mary Wenke was personally served at the office of the Arapahoe County Public Trustee. Personal service on Ms. Wenke is sufficient insofar as she is sued in her personal capacity. To the extent Ms. Wenke is sued in her official capacity, the

plaintiffs have not demonstrated that Arapahoe County has been served pursuant to Fed. R. Civ. P. 4(j).

In addition, the plaintiffs have failed to demonstrate that they have made service against The Bank of New York and Ms. Wenke in her official capacity within the 120 day limit imposed by Fed. R. Civ. P. 4(m). To the contrary, the 120 days for service provided in Rule 4(m) expired on April 27, 2007.[1]

I respectfully RECOMMEND that the Complaint be DISMISSED as to (1) Ms. Wenke in her official capacity as Public Trustee of Arapahoe County and (2) the Bank of New York based on the plaintiffs' failure to prosecute, failure to make sufficient service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 14, 2007.

---

[1] The 120 days was calculated from the filing of the plaintiff's Amended Complaint.

3

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge