IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02404-REB-BNB

ALTON LAYCE SMITH, and
DAVIA LOMAX-SMITH,

Plaintiffs,

v.

BANK OF NEW YORK, and
MARY WENKE, in her personal and official capacity,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiffs filed their initial Complaint on December 1, 2006 [Doc. #4] and their Amended Complaint on December 28, 2006 [Doc. #5].

On June 14, 2007, I issued an Order to Show Cause noting: (1) defendant Mary Wenke was personally served on January 11, 2007; (2) insofar as the plaintiffs are suing Ms. Wenke in her personal capacity, Ms. Wenke was required to answer or otherwise respond to the Amended Complaint on or before January 31, 2007; and (3) Ms. Wenke has not responded to the Amended Complaint. I further noted that the plaintiffs have not sought an entry of default or a default judgment against Ms. Wenke pursuant to Fed. R. Civ. P. 55. I ordered the plaintiffs to show cause why this case should not be dismissed as against Ms. Wenke for failure to prosecute. I cautioned the plaintiffs that in the event no such showing is made, I would recommend that the Amended Complaint and this action be dismissed without prejudice as against Ms. Wenke for

failure to prosecute.[1]

On June 27, the plaintiffs filed a motion for default judgment against Ms. Wenke [Doc. #20]. On June 28, 2007, the Clerk's Office declined to enter default against Ms. Wenke because the plaintiffs did not file an affidavit concerning Ms. Wenke's military status as required by the Servicemember's Civil Relief Act of 2003, Pub.L.No. 108189, 117 Stat. 2835. *Clerk's Note* [Doc. #22]. In the intervening three months, the plaintiffs have not submitted an affidavit concerning Ms. Wenke's military status, nor have they otherwise responded to the Clerk's Note. Accordingly,

I respectfully RECOMMEND that the Amended Complaint and this action be DISMISSED WITHOUT PREJUDICE as against Ms. Wenke for failure to prosecute.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] I have already recommended that the Amended Complaint be dismissed as to Ms. Wenke in her official capacity and as to defendant Bank of New York [Doc. #17].

Dated September 28, 2007.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge